UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DUNN,

    Petitioner,                 Case No. 18-cv-11595

    v.                        UNITED STATES DISTRICT COURT JUDGE
                                        GERSHWIN A. DRAIN

MICHIGAN PAROLE BOARD,[1]

    Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL OF HABEAS CORPUS PETITION WITHOUT PREJUDICE

### I. Introduction

---

[1] Petitioner named the State of Michigan as the respondent in this matter. At the time he filed the petition, Petitioner was serving a term of parole. The proper respondent in a habeas case is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. In the case of a paroled petitioner, the proper respondent is the parole board. *Belser v. Michigan Parole Bd.*, No. 06-CV-10714, 2006 WL 986956, at *1 (E.D. Mich. Apr. 12, 2006). The Court amends the case caption to reflect the Michigan Parole Board as the respondent.

This is a habeas case filed under 28 U.S.C. § 2254. At the time he filed his petition, Petitioner David Dunn was serving a term of parole. He challenges his convictions for conspiracy to commit perjury in a trial for a capital crime, Mich. Comp. Laws § 750.157a & § 750.44, and one count of procuring perjury in a court proceeding, Mich. Comp. Laws § 750.425. Respondent filed a motion for summary judgment and dismissal on the ground that Petitioner failed to exhaust his state court remedies. Dkt. No. 5. The Court grants the motion and dismisses the petition for a writ of habeas corpus without prejudice.

## II. Procedural History

Petitioner was convicted by a jury in Wayne County Circuit Court. On November 18, 2013, he was sentenced to 4 to 20 years for the conspiracy conviction and 6 to 60 months for the procuring perjury conviction. Petitioner filed an appeal of right with the Michigan Court of Appeals. He raised two claims: (i) the prosecution abused its charging discretion; and (ii) he was denied his right to a fair trial where co-defendant was shackled in view of the jury and the trial court denied the defense motion to sever the trials. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Dunn*, No. 320227, 2016 WL 716551 (Mich. Ct. App. Feb. 23, 2016) (unpublished).

Petitioner sought leave to appeal with the Michigan Supreme Court. He raised the two claims raised in the Michigan Court of Appeals and claims to have raised

fifteen additional issues.[2] The Michigan Supreme Court denied leave to appeal. *People v. Dunn*, 500 Mich. 992 (Mich. May 19, 2017).

Petitioner then filed the pending habeas corpus petition. He raises fifteen claims for relief.

### III. Discussion

Respondent seeks dismissal of the petition on the ground that Petitioner failed to exhaust any of the claims raised in the petition.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 F. App'x 808, 814 (6th Cir. 2015). A petitioner bears the burden

---

[2] It is unclear from the state court record whether Petitioner raised fifteen additional issues. The Court finds reference to Petitioner's desire to add additional claims, but the Michigan Court of Appeals granted Petitioner's motion to add *issue* (singular) and the Court finds only one additional claim specifically raised. It is unnecessary to determine the specific additional claims raised in the Michigan Supreme Court to resolve the motion for summary judgment and the Court, therefore, will not do so.

3

of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner raises fifteen claims for relief. He failed to raise any of these claims in the Michigan Court of Appeals. As discussed above, *see* n.2, there is no evidence in the record that Petitioner raised these additional claims in the Michigan Supreme Court. Even if he did so, Petitioner has not properly exhausted these claims because presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The Sixth Circuit repeatedly has held that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Hickey v. Hoffner*, 701 F. App'x 422, 425 (6th Cir. 2017); *Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011). Petitioner's claims, therefore, are not properly exhausted.

A habeas petitioner is only entitled to relief if the petitioner can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot

apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may result in the relief Petitioner seeks, thereby mooting the federal questions presented. Non-prejudicial dismissal of the petition is warranted under such circumstances.

### III. Conclusion

Accordingly, the Court GRANTS Respondent's Motion for Summary Judgment and Dismissal [Dkt. 5], and the petition is DISMISSED WITHOUT PREJUDICE.

Reasonable jurists would not debate the Court's decision that the petition should be dismissed for failure to exhaust state court remedies. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.


Dated: March 7, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

# CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 7, 2019, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager